### AMERICAN GRAPHAPHONE CO. v. LEEDS et al.

(Circuit Court, S. D. New York. November 10, 1896.)

PATENT SUITS—PRELIMINARY INJUNCTION—ADJUDICATIONS IN OTHER CIRCUITS.
An adjudication sustaining a patent is not conclusive in favor of granting a preliminary injunction in a suit in another circuit, where a decisive question raised in the latter suit was not contested in the former, and it appears that, in the former, a motion for reargument for the purpose of raising this point has been entertained, but not yet decided.

This was a suit in equity by the American Graphaphone Company against Loring L. Leeds and others for alleged infringement of a patent. The cause was heard on a motion for preliminary injunction.

Philip Mauro and Benjamin F. Lee, for the motion.
R. N. Dyer, opposed.

LACOMBE, Circuit Judge. The only question really presented on this motion is whether the adjudication in support of the patent in the district of Illinois is to be taken as controlling as to validity and scope of the claims relied upon, when application is made here for preliminary injunction. If there had been no adjudication, injunction would be refused, in view of the serious dispute as to material issues in the case. Had there been no proceedings subsequent to such adjudication, it might be that this court would not inquire with much particularity as to the issues raised and the evidence introduced in the earlier suit, when it is admitted, as it is here, that the alleged infringing machines are substantially the same. It appears, however, that in the earlier suit there was no serious contention but that the sound record (of wax or some other material upon which the record was impressed) was the discovery and invention of Bell & Tainter; that the court in that case was convinced that Bell & Tainter were entitled to this invention; that such conviction lay at the basis of the court's conclusion; and that because of such conviction the court held the particular claims here relied upon to be valid as a combination containing this invention of the sound record. It now appears that it is not only not conceded that this sound record was the invention of Bell & Tainter, but, on the contrary, it is strenuously insisted that it was the invention of Edison. Upon that disputed point a mass of evidence has been produced which should not be passed upon on the hearing of a prelimi-

194 77 FEDERAL REPORTER.

nary motion. And it further appears that, when the attention of the court in the earlier case was called to this condition of affairs, it entertained a motion for reargument, which has not yet been decided, and which that court has intimated it will not decide until the determination of this important issue of fact in the main case (in New Jersey). Under these circumstances the case in Illinois must be considered as sub judice,—a matter not yet decided,—and therefore not entitling the complainant to a preliminary injunction as an adjudication sustaining the claims relied on. Motion denied.