## AMERICAN GRAPHOPHONE CO. v. WALCUTT.

(Circuit Court, S. D. New York. January 11, 1898.)

1. PATENTS—LICENSE TO MAKE—INFRINGEMENT.
   A license merely to make, without a right to sell, does not impair the right of the owner of the patent to sue either at law or in equity for an infringement outside the license; and the purchase of tools and materials from the licensee, which he had a right to use under the license for making only, would not carry the right to sell the product, or any greater right than the licensee had.

2. SAME—VALIDITY AND INFRINGEMENT—SOUND-RECORDING DEVICE.
   The Bell & Tainter patent, .No. 341,214, and the Tainter patent, No. 341,288, for improvements thereon, both of which are for recording tablets, consisting of a hollow cylinder or tube of paper or other suitable material, coated with wax or a waxlike composition, .preferably of beeswax and paraffine, *held* valid and infringed.

This was a suit in equity by the American Graphophone Company against Cleveland Walcutt for alleged infringement of two patents for recording and reproducing speech and other sounds.

Philip Mauro, for plaintiff.
H. Albertus West, for defendant.

WHEELER, District Judge. This suit is brought upon patent No. 341,214, granted to Chichester A. Bell and Samuel Tainter, and No. 341,288, granted to Tainter, dated May 4, 1886, for recording and reproducing speech and other sounds. As to the parts in question, the inventors in the first patent say:

"The invention consists, secondly, in engraving or cutting the record in a waxy or amorphous and slightly cohesive substance; preferably a compound of beeswax and paraffine (the latter in excess) is employed. This compound has no tendency to clog the style, but is readily removed thereby in chips or shavings. This part of the invention also consists in a recording material composed of a wax or waxy surface on a paper or pasteboard foundation. Heretofore it has been proposed to use soft paper saturated or coated with paraffine as the material for recording by the indenting method; but its use does not appear to have been successful, and an outer layer of tin foil was therefore employed to receive the indentations."

"It is evident that various modifications other than those indicated can be made, and the invention still be employed in whole or in part, and also that parts of the invention may be used separately. In the foregoing description details have been given with some minuteness. This has been done to furnish the best information in our power for enabling those skilled in the art to make and use the invention, and not with the intention of limiting the invention to the precise dimensions, proportions, shapes, and materials stated."

And the inventor in the other says:

"First. A new recording-tablet is employed. It consists of a hollow cylinder or tube of paper, or other suitable material, coated with wax or waxlike com-

position, preferably a compound or mixture of beeswax and paraffine. The record is cut in the coating. The advantages of this form of tablet are that it may be very light, while having sufficient stiffness to retain its form, and avoid the danger of cracking the coating; that it is compact, and adapted for transmission through the mails or otherwise; that the recording surface is continuous, and that it can very readily be placed on and removed from the holder by which it is supported, and rotated in recording and reproducing." "The present invention is to be considered as an improvement upon or modification of what is shown and described in the application for letters patent of C. A. Bell and myself, * * * so far as they relate to common features, and no claim is made herein to any matter described and shown in that application."

### The claims relied upon of the first patent are:

"(7) A sound-record, consisting of a tablet or other solid body having its surface cut or engraved with narrow lines of irregular or varied form corresponding to sound-waves, substantially as described. (8) A sound-record, consisting of a tablet or solid body having its surface cut or engraved with a number of lines of variable cross section, the irregularities or variations corresponding in form to sound-waves, substantially as described." "(10) The sound or speech record cut or engraved in wax or a waxlike composition, substantially as described." "(17) The sound-record in the form of an irregular groove with sloping walls cut in solid material, substantially as described. (18) The sound-record cut in wax or waxlike composition in the form of an irregular groove with sloping walls, substantially as described."

### And of the second are:

"(1) A recording-tablet for a phonograph, consisting of a hollow cylinder, provided with a wax or waxlike coating for receiving the sound-record, substantially as described." "(4) A tubular self-sustaining tablet for recording sounds or sonorous vibrations, substantially as described." "(37) A recording-tablet consisting of a hollow cylinder provided with a wax or waxlike coating, and having a sound-record cut in said coating, substantially as described."

These patents were before the circuit court of the Northern district of Illinois in Graphophone Co. v. Amet, 74 Fed. 789, on final hearing, and were well explained, and as to claims for a combination including these sound-records were sustained by the very clear opinion of Judge Grosscup. A motion for a rehearing there stood in the way of granting a preliminary injunction in Same v. Leeds, 77 Fed. 193. That motion has now been denied, and a preliminary injunction as to the sound-records was granted there in Same v. Boswell (Nov. 29, 1897) against structures understood to be like this defendant's. The defendant here has put the plaintiff to proof of title, and denied novelty and infringement. The plaintiff has produced copies of assignments of the patents from the patentees to the Volta Graphophone Company, and from that company to the plaintiff, which are stipulated in evidence as original, but with a denial of liability for anything coming from a plant bought from the North American Phonograph Company, which may have had a right to make, but, if so, not a right to sell. This limited license would not, however, impair the right of the owner to sue, either at law or in equity, for an infringement outside the license (Walk. Pat. § 400), nor justify such infringement. And the purchase of tools and materials which the seller had the right to use for making what would be an infringement, without the right to sell, would not carry the right to sell the product, nor any greater right than the seller of the tools and materials had.

The defendant's sound blanks are testified by himself to be composed of stearine, caustic soda, acetate of aluminum, and sometimes ozocerite; and the plaintiff's expert has testified as to one:

"It is a self-sustaining, rigid, hollow, cylindrical tablet of a material which is waxlike in its properties, the material being amorphous, slightly cohesive, solid; it cuts smoothly, and it is adapted to be cut or removed in chips or shavings. This exhibit resembles in all material respects the commercial tablets now used and sold by the complainant. This exhibit is of just the size to be placed upon and used with one of the ordinary commercial graphophones of complainant's manufacture. This tablet has a sound-record engraved or cut therein, composed of narrow lines constituting the convolutions of a continuous spiral groove, said groove having sloping walls, and being of varying depth and cross section, the variations and irregularities of the groove in form corresponding with the character of the sounds through the medium of which, the groove was made. The exhibit is, hence, a reproducing tablet. The exhibit, when placed on an ordinary graphophone of complainant's manufacture, repeats the original producing sounds; and this particular exhibit, thus employed, repeats a song."

The reasoning upon which the temporary injunction was granted by Judge Grosscup has not been shown, and may have been, and probably was, that of the other case there on the final hearing, except, perhaps, as to infringement. The plaintiff's expert has testified further that the defendant's sound-record obviously contains the features of these claims of the patents; and that in this he does not overlook that it is composed of waxlike material throughout, whereas the patents describe a waxlike recording surface with a stiff paper backing, which he regards as immaterial, because these claims are silent in this respect, and "the essential office of the tablet of the claims in question is to have a sound groove engraved or cut thereon, and for the accomplishment thereof the substance of the outer surface of the tablet is alone material, and, so far as the performance of this office is concerned, it makes no difference of what material the inner and nonactive portion of the tablet is composed." The inventors could not have a valid patent for anything but their improvement upon Edison's tin foil surface on a paper backing, and if the defendant's structures are different improvements he does not thereby infringe. Railway Co. v. Sayles, 97 U. S. 554. The tin foil admitted making a record of sound-waves only by comparatively imperfect indentations, this invention was of a surface of a tablet which would admit it by a very exact furrowed groove. The defendant appears to have taken the substance of this improvement, and not merely to have used a different one. These patents and the infringement are somewhat similar to those in A. B. Dick Co. v. Fuerth, 57 Fed. 834, Same v. Wichelman, 74 Fed. 799, and Same v. Henry, 75 Fed. 388, where a similar conclusion was reached. Decree for plaintiff.